Good morning, may it please the court. Excuse me, Jason Allman on behalf of Mr. Abrams appellant in this case. Could I reserve three minutes for rebuttal? Thank you, Your Honor. I'd like to focus the court's attention this morning if I may to the two matters that I think are most relevant here. Aggravated identity theft raised in Abrams opening brief as issue one and also the mandatory victims restitution act raised in the opening brief as issue four. We'd like you to also talk about the rule 29 issue, please. I'm sorry, what's that? We'd also like it if you could cover the rule 29 issue. Yes, Your Honor. Yes. And particularly when we're talking about a sufficiency of evidence error. And let's start with where we clearly are not. We're clearly not in waiver. The government has not argued waiver. That's known relinquishment of a known right. Okay. The ground here is are we in Olano territory about forfeited plain error? How is the district judge, you know, all counsel said was I move for judgment equivalent on rule 29A. I waive argument. In any other context, that wouldn't preserve an argument for appeal. The district judge doesn't know what specifically is supposed to be focusing on. So why in this context wouldn't we do what we do everywhere else and treat sufficiency of the evidence argument as at least forfeited? So a few points on that, Your Honor. And this first one will take a few syllogisms to get to the point. The first is that the government's not an ordinary party to litigation, right? The government has a special obligation to ensure that the administration of justice occurs. That's from Berger v. United States. And this court reiterated that in U.S. v. Johnson, which we cite in our reply brief pages one and two very recently. So understanding that, what are we fighting over here, especially on a sufficiency issue? Well, what are we fighting over exactly? And of course, you are the moving party here, the appellate. You filed the moving brief, the group brief. And it was only when the government came along with the red brief that the, I will call it Joseph-related issue was raised. And so let me cut to the chase on that and ask you just simply, why should this court not follow the strong suggestion of the government that we extend our Joseph holding, which is now I think 12 or 13 years old, to the Rule 29 section, to the Rule 29 situation? You have acknowledged, I think just a moment ago in response to Judge Rivas, that what we had here was the simple invocation by counsel at trial for the defendant that he was raising a Rule 29 motion. And that was pretty much it. There was no specificity to that motion, was there? That's correct, Your Honor. Doesn't it seem that it ought to be the obligation of counsel? And I realize that we're in a case here, a criminal case at the trial level, where there were multiple charges that were filed and that were tried. And that were tried during the government's case. But not pointing a district judge to any specific deficiency in the government's case seems to me to be really asking too much in the first instance of the district judge. And having been one for a trial judge for a good many years, I'm sensitive to that. And further, for our purposes, we've not had an opportunity for any issue to be refined. And so Judge Rivas is correct, of course, that we're really left in a lot of land, if you will, to ferret out what may be a plain error here, right? So a few responses to that, Your Honor. The first one is that when I think about other cases in which this Court has applied plain error review to a sufficiency challenge, I think about the Williams Third Circuit case or Nassir-on-Bonk One. That was a change in law that occurred while the appeal, while the case was on appeal. So no fault for the government for not knowing the law. No change in law here in terms of what my question is about, and that is just why shouldn't we extend a case that arose in a completely different procedural setting but has basically the same policy behind it, having, in that case, drawn a distinction between issues and arguments. Right. And, Your Honor, here, the change in law occurred while the case was still, before the verdict came in. The change in law here is Dubin, and I think that that alleviates the government of its burger obligation to know what the law is, to understand what the elements are on the charges it brings, and to bring forth evidence on those charges, especially in the context of a change in law that occurs while the case is pending. I think that applying Alano, the difference between de novo review and plain error review here, it all comes down to Alano prong two, right? Because this court, Alano one and Alano three, they map onto de novo review error that's not harmless. I'm afraid, I think, and perhaps this is my responsibility or my fault, but I think we're talking essentially two past each other. My question goes to the jurisprudence of this court and not whether Alano may or may not preserve, in this case, any particular deficiencies in the record that there might have been when the Rule 29 motion was raised. More to the point, I'm asking you a policy, a judicial policy or jurisprudential question, as opposed to the specifics that apply to the Dubin-related issue, the Crocs issue. Your Honor, I would have to- Because the Rule 29 motion, as brief as it was, went to every count here that was charged, did it not? Yes, Your Honor, it did. I understand the position the court is in. The best that I can say is that we addressed the issue in our reply brief in pages one and two. We cite the First Circuit's opinion that a general Rule 29 motion preserves all issues for appeal, and that's the position that we take in this case. With specificity to the Dubin- Sorry, Your Honor. Well, I was going to add, and there are a number of circuits within the federal system that have been satisfied with that. I'm essentially making a point for you, but my line of questions were not really directed to the specific Dubin- on your brief, and leave it at that. Your Honor, thank you for making that point for me, that that is what the majority of circuits do. The general motion preserves all issues, and I think that in particular, when we think about the Berger obligation the government has as an administrator of justice in every case, that seems right. That seems right that the government should know the elements that it's bringing, should be certain that it has sufficient evidence on every element that it's bringing in the case. Well, of course, but the government's not supposed to make your case for you that somehow they were less than complete in their presentation of the evidence, and perhaps missed some element of an offense that should have been supported by evidentiary production during trial. You can move on to your other issues. Oh, sorry. Thank you, Your Honor. I'm happy to move on to the aggravated identity theft, or to the MVRA issue, if the court- Whichever you prefer to start with. Sure. For aggravated identity theft, I think what was illuminating was the 28J letters that came in on October 17th. The government cited Wiegand, an unpublished opinion from this court, and the analysis in Wiegand is shockingly similar to the analysis in Abrams' opening brief. Look at the Dubin opinion, look at what hypotheticals were raised in the Dubin opinion, how those hypotheticals map onto the facts of the particular case, and then apply the prongs that we propose in- that we read in the Dubin opinion. The prongs of, but for, is required, that harm to, or that the other person experiences harm, and that Judge Sutton's heuristic, that it goes, that the frog goes to who, not how or when services were rendered. Yeah, but the Supreme Court did not embrace that particular heuristic. It cited the opinion generally. We don't have to take that as part of what the Supreme Court told us to do. I respectfully disagree, Your Honor. I think it was cited with approval in footnote two of the Dubin opinion, and that we developed this in the reply brief that the Sixth Circuit, Seventh Circuit, and Baroah, I can't remember if that's the first or second, that they're all speaking in harmony about this particular problem. There's the Miller case from the Sixth Circuit where there are names in a real estate document that are not aggravated identity theft, and I thought that that was very similar to the hypo in Dubin where someone applies for a bank loan, represents someone as their, you know, their second name on the loan, but makes other misstatements in the application. I would like to hear you talk about the MVRA. So we've got this, there's Lagos, which kind of favors you, and then we've got, you know, Amado. The Second Circuit doesn't seem to think the list is cohesive, doesn't apply, e iustem generis. So why should we interpret the expenses the way that you do to exclude the attorney's fees? Sure, Your Honor. I think that every single rule of statutory construction favors Mr. Abrams' analysis, especially as developed in our opening brief, and I mean, if we start with the very beginning, the MVRA was passed in the Antiterrorism and Effective Death Penalty Act of 1996. In AEDPA, there were other specific restitution statutes that were amended, and those specific restitution statutes explicitly provide for attorney's fees. So AEDPA Section 204 passes the MVRA. AEDPA Section 205 amends the restitution statutes in 2248, 2259, 2264, and each of those statutes explicitly includes attorney's fees. And this isn't an issue that was on the periphery of Lagos. If you listen to the Lagos oral argument, this is something that the justices were concerned about. Congress has amended the MVRA twice since Lagos, in 2020 and in 2024. If they thought this was a problem, if they thought that attorney's fees are actually, need to be explicitly covered, those amendments would have made that clear. That's not the case here. I think that the Fifth Circuit's statutory analysis in costa tamatis is persuasive here, and we cite that at length in our brief. And then just falling back on the general American rule that if Congress means to include attorney's fees within, sorry, Congress uses attorney's fees and expenses. It's different terms. They're not interchangeable. I'm sorry, I see my time is up. If you have any further questions. I have one question. The Supreme Court recently held in casusus that fraudulent inducement is prohibited under the federal wire action. Yes, Your Honor. And what is your response to that? I think that the issue that we raised in the opening brief issue two, I think was anticipating a different outcome in casusus, the Supreme Court case. I hope I addressed that clearly enough in the reply brief that that theory is no longer a viable theory for granting relief on issue two. If I could ask one MVRA-related question, counsel, and I concede that other expenses is an extremely broad term, but it's there. It is one that we have to wrestle with. And, you know, I, and all those, whatever it does provide for, as I understand it, it's by the recovery for private investigations and civil proceedings. Where does it bar fees incurred to participate in various ways in government proceedings? I mean, I think that we're probably going to be looking for some limiting principle here with respect to this broad term, other expenses. So how can you help us with that? Well, I think going back to the rules of statutory interpretation and the Lagos opinion itself, I mean, there is language in Lagos where the courts, the Supreme Court said that all of the statutory cues in this little paragraph before, they point to terms that narrow the construction, not expand it. And I may be misquoting, but the quote is in our brief. And I think that that is a clear guide that we need to apply nos quatera socius. We need to apply each just to, I'm sorry, I muddled that one. But also the analysis in Fisher versus United States, I think is instructive because we have a B4 residual clause here that really, if it's read as expansively as the government proposes, then it undoes all of the careful work that Congress did in B2 and B3. I mean, that hypothetical that I raised in Abrams opening brief, page 63, someone who suffers a medical injury while testifying at the grand jury, the government's responded to that. They can't explain why that wouldn't be covered under B4, even though B2 is where medical injury expenses are already provided in the MVRA. So that's the best I can do to answer the question, I think, Judge Smith. Okay. Thank you very much. Thank you. We'll get you back on the line. Good morning, Mr. Bannon. Good morning. You may please the court. Patrick Bannon on behalf of the United States. Unless this panel will prefer me to start elsewhere, I'll start with the Rule 29 issue and specifically some of the policy arguments that have already been addressed by the panel. And just the general point that in this case, it's really undisputed that it was a purely general argument that was raised in Rule 29. This is a trial that had 48 different counts. Seven different federal statutes were implicated. The trial was nine days long. There were dozens of witnesses. And the Rule 29 objection here was really just a single sentence. And there was no post-verdict motion filed with any specific arguments. And to preserve every possible sufficiency argument, as Judge Smith pointed out, I think it conflicts with how issue preservation just works generally with respect to really every other issue or every other objection, argument, et cetera, that could be raised at trial. And not only that, but it also, it operates to sort of incentivize not bringing an argument in district court, which is really different than how every other issue preservation... It's a perverse incentive really, is it not? It is. And we made that point specifically in our brief that it is a perverse incentive to say that the better course of action in this instance is to not raise any objection whatsoever, any argument whatsoever, and to raise a purely general passing reference, as it was here to Rule 29, where in every other instance, the court requires that these arguments be brought. And I think Joseph and Williams and Johnson really raised the policy issues for why that's important and why that's the way issue preservation works in general, because the district court really is in a position to address those issues firsthand. Well, you just referenced Williams and your friend on the other side spoke to Williams as well. And in Williams, we recognize that uniformity in federal criminal practice has value. And of course, we have had brought to our attention the fact that there are four circuits out there that have declined to extend what I would call a rationale or the policy behind Joseph, for example, to the Rule 29 context. So why is it that example? The fact that we've got other circuits out there that have not extended this preservation rule to Rule 29 motions as affecting the policy of uniformity in federal criminal practice, which was recognized in Williams? Yeah, of course, Your Honor. And Williams does make that point specifically that uniformity is important. I think there's a couple responses to that argument. I think, first of all, Williams itself recognizes that there isn't a complete uniformity among the circuits. The circuits do handle the issue somewhat differently. So there's not a full uniformity among the circuits where the sort of general objection preserves all the arguments. And at least the Fifth Circuit has taken the position that we're promoting here, which is that specific issues need to be raised for them to be preserved. So there is at least one circuit which has adopted this position and stated its reasons for doing so. And I think the other circuits have also differed from Williams in a certain respect, where if specific issues are raised, the way that they're preserved and the way that they're reviewed differs among the circuits. So some review them for plain error, as Williams recognized some for manifest injustice. And so there is not a full uniformity among the circuits. And at least one circuit agrees that specific issues need to be raised in district court for them to be preserved on appeal. And again, that's consistent with how issue preservation works generally. And I think in the Johnson case, which followed the Williams case, which also was an instance where specific objections were raised in district court, so the other objections in that case were not preserved, the court sort of revisited the rationale behind the Williams rule and called it a sensible rule. But I think if you look at Williams, what the court is really saying in Williams is the point is to raise issues in district court. And if those issues are not raised in district court and district court is not given an opportunity to weigh in on them, then they're not preserved on appeal. So to your point about the perverse incentive, I think Williams recognizes the fact that presenting these arguments in district court is important, and it creates this sort of disparity between what you call the Williams rule, where any argument that's not specifically raised is reviewed for plain error, but failing to raise an argument at all preserves all arguments that you can possibly raise. And in this case is a good test example of that where, again, there are 48 different counts of convictions. It was a long trial. There were seven different federal statutes that were implicated here, and there's been multiple sufficiency arguments raised on appeal that weren't presented to the district court. Could you move on to the MVRA? Of course. Anything specific about the MVRA? No, I think that your friend's arguments about no chateau associates and aestem generis have some force here. Attorney's fees just don't sound like child care, transportation, et cetera, and they can be far, far higher. We would expect Congress to spell that out more specifically if it wanted to authorize such a limitless and unusual expense. Well, I think the AFRI case in the Second Circuit kind of addresses this point square on where following Lagos, where the Supreme Court addressed sort of a limiting principle to the recovery of these fees and made a distinction between sort of private investigations and the expenses related to those following a prosecution for a victim and attorney's fees that are directly related to dealing with the investigation and the prosecution of the specific offense involved for which the victim was a victim in that offense. So I think the other expenses are sort of limited in that way, and I understand that other specific expenses like lost income are specifically specified, but the Second Circuit in addressing this issue and every other circuit that has addressed this issue as well. What circuit's precedentially taken a stance beside the Second? I think there's the Chan case in the First Circuit, which we cite in our brief, and I believe the Sixth Circuit has addressed it in the Sexton case, which we also address in our brief, but I don't have those sites in front of me right now. But I think the Second Circuit specifically has addressed it multiple times, including once even after the briefing was concluded in this case, and referred to it as a well-established rule. And I think the fact that attorney's fees are recoverable is a well-established rule. So the courts that have weighed in on the issue to this point have read the statute itself to find that other expenses, while there are some that are not included, which the court specified in Lagos, the Supreme Court, that attorney's fees do fall within the statute. But look at 3663A, subsection A4. You know, I'm looking at the language, lost income is part and parcel routinely of criminal cases with a victim as testified. Child care is the same, transportation is the same, and other expenses. And the Congress didn't throw this wide open. It used pretty limited language, incurred during and directly related to participation in the investigation or prosecution of the offense or attendance at proceedings. How is it that this language fairly encompasses, you know, attorney's fees? It doesn't say any other expenses of whatever type. It just says other expenses. We would normally read those other expenses to be stuff that's like lost income, child care, or transportation. Why should we view attorney's fees as in that basket, where the magnitude can be so large, and it's not often that you're going to need attorney's fees to investigate or prosecute, right? It's kind of an optional thing, because the government does the investigating and prosecuting. Well, I think the important aspect of the statute is during and directly related to participation in the investigation or prosecution, and attendance at the proceedings, which encompasses what might be witness testimony, or participating in the actual proceedings, or participating with the government's investigation, whether as a fact witness or developing documentary evidence. And if you look at this case specifically, you have Binghamton University, and they have interests that they wanted to protect during this investigation, and part of the attorney's fees were in response to that. Counsel, but what if the victim witness decides that he or she wants to attend the entire trial? Who counts? Well, so I think the courts have made a distinction between what fees, and this doesn't go to whether or not attorney's fees are recoverable. It's sort of the second piece. It's whether specific fees themselves are necessary. All right. That's what I was leaning to. Can we read necessary into, since it's already in the section as a modifier? Necessary and reasonable in the head paragraph. Yep. Yes. So we can read, we can then reasonably look to, if we were to find that attorney's fees are recoverable, that they'd have to be necessary. Would you agree with that? I do, Your Honor. And I think that's what the Supreme Court was really getting at in the Lagos case, where you have different types of expenses that are incurred as a result of being victimized by a fraud case. And the court there said the digital security audit that was undertaken post-fraud was not one of these reasonable, necessary expenses. And the Second Circuit interpreting that distinguished that from the necessary fees that were involved with actually participating in the investigation and the prosecution of the offense. But I think to your point, specifically with what's necessary, courts have found that some attorneys' fees are not what they would consider necessary, and sort of fair attendance would not be one. What about the district court in this case? Was there a determination, a finding that these were necessary expenses? I think not. Doesn't the record show that? So the district court in this case saw a briefing from both parties raising pretty much the same necessary arguments regarding necessity as are raised in this court, conducted an in-camera review of the invoices and the affidavits provided with those invoices, and found that the... Yes, and it was an in-camera proceeding, but didn't the order itself state simply that the fees were directly resulted from the defendant's criminal conduct? As your Honor, I believe the district court did say that. I'm not sure if the term necessary was used. But I'm concerned because the thrust of Lagos is to the contrary. If we're going to get into attorneys' fees, all these district courts are going to have to be scrutinizing the lawyer bills, ask when was the lawyer necessary as well as reasonable. And Lagos seems to say, you know, bringing in the private investigations, bringing in the bankruptcy proceedings, we should read Nushatur Associates to suggest that they don't really fit this statute. To interpret the statute broadly, Lagos said, is to invite controversy on these and other matters. Our narrower construction avoids it. Isn't the thrust of that against your argument? Well, I agree that the thrust of that is that there definitely needs to be limiting principles in place with regards to what other expenses are because that term can be interpreted very broadly. But to read other expenses out of the statute entirely where they could only recover for lost income child care transportation would prevent victims from recovering a variety of expenses that they would incur during their participation only and in the investigation of the prosecution of the offense. So I think what AFRI and some of the other circuits post-Lagos have said with regards to attorney's fees that the limiting principle there is that they're directly related and they're during and in relation to the prosecution and investigation of the offense. So it's the sort of ancillary fees that could be incurred as a victim that aren't included there. But I think just also to the point of sort of the district court's review about what's necessary, you know, the standard with the district court would be a about the amount of loss involved in the case. So the district court is making a finding with a review of what's necessary by a preponderance of the evidence. And that's something that works with regards to loss more generally. So it's not something that the district court does not do in other contexts in terms of determining by a preponderance of evidence what is a reasonable and necessary expense here or what's a reasonable loss determination in other contexts. And I think some of the case law that we cited kind of get to this point specifically that to undo an entire award of attorney's fees based on sort of limited review of whether the court abuses discretion in finding that these specific fees are necessary and reasonable sort of undoes the district court's sort of well-recognized role to make a reasonable approximation of recoverable losses. I see that my time is up. I'm happy to answer any questions. Do you have any other questions, Tony? No. Brooks? All right. No, thank you. All right. Thank you for your argument. Mr. Ullman, I think you reserved, was it three minutes? Yes, Your Honor. Thank you. And if the court wants me to address anything, I'm happy to. I would just point out something that I heard in my friend from the other side's argument was that by allowing a general Rule 29 motion to preserve everything for appeal for on sufficiency of evidence review, that that creates, it incentivizes not bringing specific arguments. I respectfully disagree with that because the incentive is still there that you may win your Rule 29 motion on specific arguments in the district court. That creates sufficient incentive that people will raise specific arguments and focus the court's attention. And if I could move on briefly to something that was mentioned. Haven't you just stated, though, a salutary basis for the rule then, if focusing on such specificity may lead to such a ruling? Which is already there regardless whether the general motion preserves this for de novo review. That incentive is there already. So I don't think that altering the standard of review on appeal changes the incentive. It already exists in the district court. All right. I did want to point out that on the MVRA issue, the government said that our reading reads other expenses out of the statute. That's simply not true. Sorry, I'm tripping on that name. In Abrams' brief, page 65, we do address that, that our reading doesn't render that other expenses term nugatory. It covers other expenses that one would incur when traveling to court participating in the proceedings. Unless the court has any other questions, I'm happy to yield the balance of my time. All right. Thank you, counsel, both for the excellent argument. Are you ready to keep going into the next case after this? Okay.